Alexander Del Giorno, J.
Claimant has brought an action for damages arising out of work performed under a contract *379 with the State of New York designated as Contract No. FALIE 64-4, H.C. No. 7705; and also for recovery of the final payment due under the contract, representing the balance due and owing claimant upon the final estimate.
The present motion has been made by claimant for an order directing severance of the above-entitled claim with respect to the afore-mentioned final payment and retained percentages, and directing that judgment be entered in favor of claimant in the amount of $87,845.33 with interest, together with release of the retainage. The State has opposed such motion on the ground that claimant is not entitled to an award of interest on the amount concededly due.
During the course of this severance trial the State was not permitted to introduce any testimony, or offer any evidence, with regard to the interest issue. The severance procedure has been, and should remain, an instrument of grace which permits the expeditious payment to the contractor of an amount of money which all parties agree is concededly due him. The disposition of such an action seldom consumes more than 20 minutes. As a result of the posture recently taken by the State, however, this court finds, having previously tried a severance thereunder, that a minimum of two days’ trial is required in order to allow the introduction of the necessary proof concerning interest. Further, the proof required to determine the accrual date of any interest which may be payable is directly related to the major issues of the contract proper.
Were the court to accept the State’s position regarding severance proceedings, the parties to a severance motion would be obliged to prepare themselves, to a large extent, as though they were actually proceeding to try the entire claim. At the outset they would be faced with a hearing of at least two days ’ duration. Thereafter, the minutes would have to be ordered, findings of fact would have to be prepared and submitted, memoranda of law furnished, if required, and finally, the court would have to render a decision and pass upon all the findings. Therefore, since this question must of necessity arise again at the time of trial of the remaining causes of action in the claim, the court finds that it would be both inadvisable and impractical to require such a duplication of legal effort and preparation expense.
As a result of the Court of Appeals decisions in Terry Contr. v. State of New York (23 N Y 2d 167 [1968]), and Higgins & Sons v. State of New York (20 N Y 2d 425 [1967]), the State has felt bound to take its newly formed position with regard to severance trials. However, this court is of the opinion that neither of the afore-mentioned cases considered or passed upon *380 the question of whether the State, without waiving any of its rights to have a subsequent judicial determination made thereon, could forego the introduction of proof with respect .to this question of interest at the time of the severance trial. In Higgins (supra) the court merely held that an agreement between the parties to reserve the question of interest on the severed amount until the remaining portions of the claim were determined, was susceptible of being interpreted as a waiver of the contract provision denying any interest thereon. It does not necessarily follow from that holding that the State may not, under any circumstance, stipulate to a severance. The Court of Appeals was merely stating that it did not find it unreasonable to interpret that particular stipulation in such a manner. This court is of the opinion that the interpretation placed upon the stipulation in Terry and Higgins (supra) is inapplicable where, as here, the State, in entering into a severance trial, has made it clear that it is not relinquishing any of its rights to maintain at the subsequent trial that the contractor has forfeited all claim to payment of interest on the severed amount.
Accordingly, in the interest of orderly procedure, and in an attempt to save time, effort and expense to all parties, and as an aid to alleviating calendar congestion, the court grants the motion for a severance and directs that judgment be entered in favor of claimant in the amount of $87,845.33, together with release of the retainage. The court further directs that the question of interest on the final payment be deferred until the trial of the entire claim.